Good morning, Your Honors. My name is Elizabeth Thierman. I'm the counsel for the petitioner and appellant Maria Eugenia Centora de Castillo. I'd like to make three points to the court this morning with respect to the briefs that have already been filed. The first is that this court has jurisdiction to review the immigration judge's adverse moral character determination, whether or not it was based on the nondiscretionary per se category of ineligibility. Why do we have jurisdiction? For a couple reasons. The first reason is that this court always has jurisdiction to consider whether it has jurisdiction as a preliminary matter. That's a different point than saying we have jurisdiction to determine whether or not the determination that she lacked good moral character is subject to review. That's right, Your Honor. And so beyond that, not all determinations of lack of good moral character are discretionary, nonreviewable decisions. Some of those decisions, such as the one in this case, are nondiscretionary and, therefore, reviewable decisions. The record shows that Why makes this one fall in that category of reviewability? Because the record in this case shows that the immigration judge concluded that Ms. DeCastillo categorically failed the good moral character requirement or element, which is undeniably reviewable. What category did he cite? The immigration judge did not expressly state that Ms. DeCastillo failed one of the per se categories of eligibility. The evidence in the record shows, however, that at the final hearing, all of the courts, all of the evidence centered on whether or not Ms. DeCastillo had a criminal record or criminal convictions. She had two or three arrests for petty theft. Well, that's one of the other points that I made in the briefs, Your Honor. And she brought one dismissal which didn't match her warrants. All of the Another criminal prosecution that had been dismissed. That's correct, Your Honor, that that's what the record shows. However, one of the other points that I wanted to make this morning is that the immigration judge's decision is not based on any substantial evidence. The order of expungement that Your Honor is referring to under Penal Code Section 1203.4 that Ms. DeCastillo's counsel introduced at the hearing does not state what which one of the alleged arrests or criminal convictions that expungement pertain to. But it didn't pertain to all of them. That's right. And well, and all of the Why couldn't he make a fine discretionary finding under the catch-all phrase under 101F? Because all of the government's alleged evidence at the trial simply consisted of unsworn assertions that were based on unsubstantiated inadmissible evidence. There was no evidence admitted at the hearing, no admissible evidence demonstrating that Ms. DeCastillo had criminal convictions or an arrest warrant. Can she admit that she'd been arrested for petty theft several times? She submitted a she did submit at the before the final hearing an amendment to her application that did acknowledge that she had three arrests. But at the hearing, the government's lawyer repeatedly repeatedly asserted that she had criminal convictions that go to the good moral character requirement and that the crimes involved. Did you point that the arrests were unjustified and she wasn't convicted and therefore there was no substantial evidence to show that she had bad moral character? There was no evidence. My point is that there was no evidence introduced at the final hearing that demonstrated she had any criminal convictions. There was no admissible evidence that demonstrated she had criminal convictions. But on the other hand, the attorneys didn't submit the contents of the alleged order dismissing the criminal matters. There was no evidence to show that she had good moral character. That's that's the reason why we asserted an ineffective assistance of counsel argument, which is that the judge, the immigration judge, focused all of his attention at the final hearing on whether or not she had criminal convictions under the court's decision. And I believe it's Romero Torres. The judge is required to weigh all of the equities and all in favor of the the alien. In this case, there was never an opportunity for Misty Castillo to present evidence of her good moral character. And her counsel failed to introduce into evidence the alleged expungements of the criminal convictions. She also failed to affirmatively counsel. Excuse me for interrupting. I had trouble determining which counsel failed. She had three attorneys with unclear to me from the briefs which attorney you're claiming was ineffective. You're right, Your Honor. And the record is is ambiguous on that subject. But in one of the briefs in our final brief, we clarified in a footnote, and I can cite that if you need it, that it was one of her counsel named Mr. subsequently suspended by the state bar on a related for a related reason for basically abandoning his clients in immigration proceedings. And she misty Castillo asserts that it was that attorney to whom she gave the evidence demonstrating that her criminal convictions had been expunged. But he failed to submit those to the court. As the court points out, the immigration judge's decision was not supported by substantial evidence. The judge's adverse good moral character determination was simply based on assertions regarding outstanding arrest warrants. The only suggestion of those outstanding arrest warrants was based on the unsworn assertions of the government's counsel. There was no evidence of a criminal conviction, nor was there substantial admissible evidence of an arrest warrant. And it's for that reason that we contend that the judge's finding amounted to a per se finding of ineligibility based on the evidence demonstrating what the focus was on at the final hearing and also on the government's statements at the hearing that the crimes involved moral turpitude. You will agree that petty theft involved moral turpitude. I do agree with that, Your Honor. That's correct. And then just lastly, to reiterate on the ineffective assistance of counsel argument, as Judge Nelson points out that the immigration judge, the Ms. DiCastillo, failed to receive her due process rights were violated because she failed to receive effective assistance of counsel, and that she failed to object to the immigration judge's improper consideration of consideration of improper testimony. Which resulted in the denial of her application. And her attorney also failed to affirmatively argue or offer any evidence of her good moral character. Instead, the immigration judge permitted the government to completely focus the hearing on whether or not she had convictions or arrests. And that all resulted in an adverse good moral character determination and denial of her application. Thank you, counsel. Thank you, Your Honor. May it please the Court. Good morning. My name is Jeffrey Bernstein, and I represent the Attorney General of the United States. Excuse me. Again, this is a case where the court doesn't have jurisdiction over the first component of the appeal and doesn't have jurisdiction over the second component of the appeal because the petitioner failed to either exhaust her administrative remedies by presenting new assertions to the board or, in her opening brief, waives any argument because the brief does not contest the actual essence, or not the essence, but what the board decided. But let me talk about the jurisdiction with respect to the first component of the claim first. Although the petitioner asserts that the I.J.'s determination that she failed to satisfy her burden of proof that she's a person of good moral character is reviewable, she's clearly wrong. The I.J. in no uncertain terms ruled that his finding regarding good moral character was not based on a determination that she fell within the per se categories. And he says that in Administrative Record, page 43. His decision is short, and it is clear beyond her adventure that he found that he did not find that she was ineligible based upon a per se category, but rather that given the convictions, or not the convictions, the charges, the arrest record, which she herself submitted to the immigration court. And I don't understand why she alleges that, you know, the government's evidence was constitutionally infirm, which it wouldn't be as we explain in the brief, even if the government had submitted it. But the immigration judge says based on that, those issues, and some other issues which came up, but essentially based upon the two arrests, he said, I can't determine whether or not she's a person of good moral character or not. She's got the burden of proof, so I can't find that she's a person of good moral character. I can't find that she is satisfied, rather. I can't find that she has satisfied the requirement that she prove that she's a person of good moral character. What about the IAC claim? Yes. With respect to that claim, this court can't consider the issues raised by the petitioner. Ms. DeCastillo alleges that her counsel was ineffective because the immigration judge asked for documentation regarding her criminal history, that she gave her unnamed attorneys said evidence, and was cooperative, did not intentionally fail to provide the requisite documents, and had her attorney filed said documents, she might have been approved. All of these nebulous matters were unexplained, as the board found. They didn't cite any specific evidence. They didn't say what the documentation consisted of. Why isn't it obvious from the record? You said yourself you don't understand why the information was submitted regarding the criminal charges. So why isn't it obvious from the record that it was ineffective assistance to introduce criminal charges that were previously not part of the equation? Well, number one, the petitioner has never made that argument, didn't make it before the board, and the board has the authority to rectify procedural mistakes. So the court wouldn't have any jurisdiction to consider that issue. And number two, the petitioner's counsel is under the obligation to provide relevant evidence with respect to the issue. He's certainly not entitled to hide evidence. Well, I thought you said you didn't understand why it was submitted by a counsel. No, I didn't say that. I said I didn't understand why the petitioner makes her assertion that the government's evidence was not admissible when the evidence she complains about was submitted by her. I'm certainly not suggesting that it was improper for counsel to come forward with evidence when it was relevant. No, I think your argument is that even if it was submitted by her, it's not substantial evidence of criminal convictions, arrests not being evidence of convictions. Well, that's right. Arrests aren't evidence of convictions. But to be a person of not good moral character, you don't need to be convicted. There's no requirement in the statute that you need to be convicted. Because the burden is upon the petitioner to show that she has a clean criminal record. Right. And because arrests show that you don't have a clean criminal record, and arrests show that, particularly arrests for several, arrests for shoplifting, indicate that you might not be a good moral character within the, have a, be a person of good moral character. Well, counsel, let me tell you what bothers me about this case. Isn't there something deeply unfair about requiring a pro se petitioner to the BIA to divine Lozada's requirements when the whole reason she's pro se is she tried using lawyers and contends that they were constitutionally inadequate? Well, your Honor, again, she did try to get attorneys. There is no evidence that they were constitutionally defective in any way, shape, or form. If I were to do anything, it's not ineffective? No, absolutely. I mean, we make that argument, but I'm not saying that here, assuming that the court has jurisdiction to consider an ineffective assistance counsel argument, which you've said you do. She has not made out any case of ineffective assistance of counsel. The board considered, gave her a fair hearing on her allegation that she was ineffectively served because she alleged that she provided her attorney with documents, nebulous documents that proved nebulous things. But the board quite properly looked at that evidence or looked at those allegations and said, well, there's no evidence here that establishes that anything ineffective occurred because we don't know what she gave the attorney. We do know that she gave the attorney some things, and they did make it into the record. She did not produce those records. I can see that. She didn't produce the records. She did not indicate why she didn't. She didn't describe them. That's the biggest problem. She didn't describe them in an effort to convince the board exactly whether or not they established that she was a good person, a good moral character. I mean, all she says in her motion to reopen or in her motion for remand is that she provided copies of expungements. Well, expungements don't do you any good because expungements, as this court has held, doesn't remove the immigration consequences of criminal acts. Even if she was convicted, which the immigration judge didn't consider. He just considered arrest. Even if she was convicted and they were expunged and they were within the requisite period, it would still indicate that she was not a person of good moral character and that she was unable to satisfy her burden of proof. Now, the petitioner complains again in a matter which is unexhausted that she was not allowed to produce evidence of her good moral character. Well, there's been no proffer that there was any evidence that she was a person of good moral character. I'm sure she was a nice person, but she was also a nice person who had criminal arrests, which in the immigration judge's mind, and properly so, led him to believe that it's possible that she wasn't a person of good moral character.  If she can't prove she's a person of good moral character, she loses, and that's the end of the matter. So there's, again, the petitioner waives any attack on the board's determination because she doesn't make any attack on that determination that I've just described. So she's waived any argument she has with respect to the board's determination on ineffective assistance of counsel. And as we explain in the brief, I mean, I know we have a lot of footnotes, and I know the courts don't like footnotes, and I apologize for that, but there's... Especially long ones. And I, unfortunately... They go to the next page. That's a bad habit of mine, I apologize. But I'm sure the court has already read them. Obviously, you've read them because you know how long they are. And certainly, we establish, I think, in those footnotes that even if she had exhausted those claims to the board, those claims are of no moment. I very rarely say this, but I think this petition for review, I'm not going to say it's utterly baseless, but it falls very short of the mark of the petitioner being able to carry her burden of proof with respect to jurisdiction, with respect to ineffective counsel, ineffective assistance of counsel, or anything else. I mean, it's really always difficult when somebody has to leave the country, when an illegal alien has to leave the country. I feel for them because my parents were immigrants, or my grandparents were immigrants, but they are illegal aliens. The law must be applied, and there's absolutely no evidence which would lead anyone, any reasonable person, to conclude that the board's determination should be reversed. So we respectfully request that the court affirm the decision of the board. If there are no further questions, I'll... Thank you, counsel. Rebuttal. Thank you, Your Honor. In response to the government's argument, even illegal immigrants are entitled to due process in removal proceedings and cancellation of removal proceedings. And in this case, Ms. DiCastillo was denied due process because of the ineffective assistance of her counsel. The order that was submitted by her, the order of alleged expungement of the criminal alleged... Yes, Your Honor. Following up on a question or suggestion made by Judge Rawlinson, did the petitioner in her brief raise the issue of ineffective assistance of counsel through the submission by petitioner of her arrest record? Could you... I'm not arguing that, are you? I lost the last part of your question. I wasn't quite following that. Did you think it was ineffective assistance of counsel for the petitioner to have submitted her own arrest record? Yes, Your Honor, I do. Did you argue that in your brief? And if so, what pages? Opposing counsel say you waived that argument. Your Honor, we did raise that in our brief. Let's see if I can quickly find it. And actually, as I look for that, the immigration judge himself noted how ironic it was that the only evidence of a criminal conviction in the record was introduced by this order that the petitioner herself submitted. But the question is, did you make that an argument as to ineffective assistance of counsel for that counsel doing that? Yes. Is that argument in your brief? Yes. If so, would you refer where it is? And if you can't find it quickly, you can submit it to the court. Yeah, let's see. This is in our supplemental opening brief at page 23. We state that she was deprived of the effective assistance of her counsel because her attorney failed to argue or affirmatively offer evidence of a good moral character beyond that section 1203.4 expungement. And let me see. Well, that's not exactly the point. Let me see if in our ---- You're using up all your time. But the argument that I picked up on was that you said the ineffective assistance of counsel is plain on the face of the record. And that's the argument that the government counsel said was not made. And that's on page 25 of the supplemental opening brief. That's right, Your Honor. I think it's evident from the record that the ineffective assistance of counsel was plain on the face of the administrative record because of her failure to affirmatively offer evidence of her good moral character and to object to the inadmissible evidence that was considered by the immigration judge. Okay, counsel. You've exceeded your time. Counsel, on behalf of the court, I would like to thank you for your pro bono efforts on behalf of the petitioner. Thank you very much. Thank you, Your Honor. Thank you to both counsel. And the case just argued is submitted for decision by the court. The next case on calendar, United States v. Alduinda Medea, is submitted on the brief. The next case on calendar for argument is United States v. Adwan.
judges: D.W. Nelson, Rawlinson, Bea